# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN McFARLAND and OTIS HARRIS,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>B. ELLIS, et al.,<br><br>　　　　　　Defendants.<br>_____ / | CASE NO. 1:06-CV-00212 OWW SMS P<br><br>ORDER SEVERING PLAINTIFF HARRIS'S CLAIMS FROM PLAINTIFF McFARLAND'S CLAIMS, AND DIRECTING CLERK TO OPEN NEW ACTION FOR PLAINTIFF HARRIS<br><br>ORDER REQUIRING PLAINTIFF HARRIS TO FILE AMENDED COMPLAINT AND EITHER SUBMIT FILING FEE IN FULL OR FILE APPLICATION TO PROCEED IN FORMA PAUPERIS, WITHIN THIRTY DAYS |

Plaintiff John McFarland and Otis Harris are federal prisoners proceeding pro se in this civil action pursuant to 42 U.S.C. § 2000cc-1, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). Plaintiffs filed this action on February 24, 2006.

After reviewing the record in this action, the court has determined that each plaintiff should proceed separately on his own claims. The Federal Rules of Civil Procedure provide "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

In the instant action, both plaintiffs were incarcerated at the Taft Correctional Institution when they filed suit. Plaintiff Harris is now incarcerated at United States Penitentiary-Lompoc. (Doc. 6.) In the court's experience, an action brought by multiple plaintiffs proceeding pro se in

which one or more of the plaintiffs is incarcerated presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals. In this case, both plaintiff are incarcerated and are now housed at separate facilities. The need for the parties to agree on all filings made in this action and the need for all filings to contain the original signatures of both parties will lead to delay and confusion.

Accordingly, the court shall order plaintiffs' claims severed. Plaintiff McFarland will proceed in this action, while plaintiff Harris will proceed in a separate civil action to be opened by the Clerk of the Court. Each plaintiff shall proceed separately and shall be solely responsible for his own action.

The Clerk of the Court will be directed to assign the new action to the same district judge and magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Since the claims of plaintiff Harris will be severed, plaintiff Harris shall file an amended complaint setting forth his own separate claims. Further, plaintiff Harris shall either pay the $250.00 filing fee in full or file an application to proceed in forma pauperis. If plaintiff Harris wishes to voluntarily dismiss his action, he must notify the court within thirty days from the date of service of this order.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff McFarland shall proceed as the sole plaintiff in case number 1:06-CV-00212 OWW SMS P;
2. The claims of plaintiff Harris are severed from the claims of plaintiff McFarland;
3. The Clerk of the Court is directed to:
    a. Open a separate civil action for plaintiff Harris;
    b. Assign the new action to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

      c.    File and docket a copy of this order in the new action opened for plaintiff Harris;

      d.    Place a copy of the complaint filed on February 24, 2006, in this action in the new action opened for plaintiff Harris; and

      e.    Send plaintiff Harris an endorsed copy of the complaint filed February 24, 2006, bearing the case number assigned to his own individual action;

4. The Clerk of the Court shall send plaintiff Harris an application to proceed in forma pauperis;

5. Within **thirty (30) days** from the date of service of this order, plaintiff Harris shall file an amended complaint bearing his new case number <u>and</u> either pay the filing fee in full or submit a completed application to proceed in forma pauperis bearing his new case number;

6. In the alternative, if plaintiff Harris wishes to dismiss his action, he must so notify the court within **thirty (30) days** f rom the date of service of this order; and

7. <u>Failure to comply with this order will result in a recommendations that the action be dismissed</u>.

IT IS SO ORDERED.

**Dated:**    **October 4, 2006**              **/s/ Sandra M. Snyder**
i0d3h8                                  UNITED STATES MAGISTRATE JUDGE