# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN McFARLAND, | CASE NO. 1:06-CV-00212 OWW SMS P |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANTS ELLIS, WRIGLEY, AND UZZLE ON HIS RLUIPA CLAIM |
| v. | |
| B. ELLIS, et al., | |
| Defendants. | (Doc. 1) |

I.  Screening Order

   A.  Screening Requirement

Plaintiff John McFarland ("plaintiff") is a federal prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 2000cc-1, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). Plaintiff filed this action on February 24, 2006. Plaintiff is seeking injunctive and monetary relief against defendants Wardens B. Ellis and Wrigley, Chaplains J. Cooper and J. Cornell, and Uzzle, the Food Service Administrator. Plaintiff alleges that defendants violated his rights under RLUIPA by failing to provide an annual ceremonial meal that met the requirements of his religion.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to plaintiff's claims in this action. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

  B. Plaintiff's Claims

    1. RLUIPA

Plaintiff is Muslim, and alleges that once a year, the Muslim community participates in a ceremonial meal for the Islamic holiday of Eid-ul-Adha (feast of sacrifice). The ceremonial meal requires, in relevant part, lamb. Plaintiff alleges that despite being aware of this requirement, and despite their willingness to accommodate Jews and Christians with special food on their holidays,

defendants Ellis, Wrigley, and Uzzle failed to arrange for the availability of proper food for the ceremonial meal.

The Religious Land Use and Institutionalized Persons Act of 2000 provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). If plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." Id. (emphasis in original). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id.

Plaintiff's allegations are sufficient to give rise to a claim for relief against Ellis, Wrigley, and Uzzle for violation of RLUIPA. However, plaintiff has not alleged any facts linking acts or omissions committed by defendants Cooper and Cornell to the violation of his rights. Because plaintiff's complaint contains no facts supporting a RLUIPA claim against defendants Cooper and Cornell, plaintiff fails to state a claim upon which relief may be granted against them. Fed. R. Civ. P. 8(a). The court will provide plaintiff with the opportunity to file an amended complaint if he wishes.

2. First and Fourteenth Amendment Claims

Although plaintiff alleges that the court has jurisdiction over First and Fourteenth Amendment claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors, plaintiff fails to allege any such claims against defendants. In the event that plaintiff is attempting to pursue claims for relief beyond RLUIPA, he must so clarify in an amended complaint. The court declines to read into the complaint what has not been pled. If plaintiff chooses to amend

3

and add constitutional claims, plaintiff is reminded that he must link each named defendant to an act or omission that allegedly violated his constitutional rights.

### C. Conclusion

Plaintiff's complaint sets forth allegations sufficient to give rise to a claim for relief against defendants Ellis, Wrigley, and Uzzle for violation of RLUIPA. However, plaintiff's complaint does not state a RLUIPA claim against defendant Cooper or defendant Cornell, and does not state any other claims for relief. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed only against defendants Ellis, Wrigley, and Uzzle on his RLUIPA claim, plaintiff may so notify the court in writing. The court will then issue a Findings and Recommendations recommending that defendants Cooper and Cornell be dismissed from this action, and will provide plaintiff with instructions on effecting service of process on defendants Ellis, Wrigley, and Uzzle.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///
///
///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a <u>Bivens</u> complaint form;[1]

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the court in this order, or

    b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants Ellis, Wrigley, and Uzzle on his RLUIPA claim; and

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   October 4, 2006**            /s/ Sandra M. Snyder
icido3                                         UNITED STATES MAGISTRATE JUDGE

---

[1] Only <u>Bivens</u> and 42 U.S.C. § 1983 complaint forms are available. Plaintiff may alter the nature of suit on the form complaint to fit the legal claims he is pursuing.