# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN McFARLAND, | CASE NO. 1:06-cv-00212-OWW-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CLAIMS BASED ON PRAYER OIL REQUEST AND 2006 CEREMONIAL MEAL REQUEST |
| v. | |
| B. ELLIS, et al., | (Doc. 13) |
| Defendants. | |

I.  Findings and Recommendations Following Screening of Amended Complaint

   A.  Procedural History

Plaintiff John McFarland ("plaintiff") is a federal prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")), and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed this action on February 24, 2006. On October 5, 2006, the court issued an order finding that plaintiff's complaint stated a claim against defendants Ellis, Wrigley, and Uzzle for violation of RLUIPA, but did not state a RLUIPA claim against defendant Cooper or defendant Cornell, and did not state any other claims for relief. Plaintiff was ordered to either file an amended complaint or notify the court of his willingness to proceed only on his cognizable RLUIPA claim. On November 8, 2006, plaintiff filed an amended complaint.

///

Plaintiff is seeking injunctive and monetary relief against defendants Wardens Bernie Ellis and Wrigley, Chaplain J. Cornell, Uzzle, the Food Service Administrator, and Nelson, Warden of Program Operations. Plaintiff alleges that defendants violated his rights under RLUIPA and the United States Constitution by failing to provide an annual ceremonial meal that met the requirements of his religion. Plaintiff also added new claims concerning a request for prayer oil and a 2006 ceremonial meal request.

B. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to plaintiff's claims in this action. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin,

2

262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

      C.      Plaintiff's 2005 Claims

            1.      RLUIPA

Plaintiff is Muslim, and alleges that once a year, the Muslim community participates in a ceremonial meal for the Islamic holiday of Eid-ul-Adha (feast of sacrifice). The ceremonial meal requires, in relevant part, lamb. Plaintiff alleges that despite being aware of this requirement, and despite their willingness to accommodate Jews and Christians with special food on their holidays, defendants failed to arrange for the availability of proper food for the ceremonial meal.

The Religious Land Use and Institutionalized Persons Act of 2000 provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). If plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." Id. (emphasis in original). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id.

Plaintiff's allegations are sufficient to give rise to a claim for relief against defendants Ellis, Wrigley, Cornell, Uzzle, and Nelson for violation of RLUIPA with respect to plaintiff's claim based on the request initiated in November of 2005. Fed. R. Civ. P. 8(a).

///

  2. Free Exercise Claim

The First Amendment to the United States Constitution provides that Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof. U.S. Const., amend. I. The United States Supreme Court has held that prisoners retain their First Amendment rights, including the right to free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). The Court has also recognized that limitations on a prisoner's free exercise rights arise from both the fact of incarceration and from valid penological objectives. Id.; McElyea v. Babbit, 833 F. 2d 196, 197 (9th Cir. 1987). "In order to establish a free exercise violation, [plaintiff] must show the defendants burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith." Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997).

Plaintiff's allegations are sufficient to give rise to a claim for relief against defendants Ellis, Wrigley, Cornell, Uzzle, and Nelson for violation of the Free Exercise Clause with respect to plaintiff's claim based on the request initiated in November of 2005. Fed. R. Civ. P. 8(a).

  3. Equal Protection Claim

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original). "Where the challenged governmental policy is 'facially neural,' proof of its disproportionate impact on an identifiable group can satisfy the intent requirement only if it tends to show that some invidious or discriminatory purpose underlies the policy." Lee, 250 F.3d at 687 (citing Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252 (264-66) (1977) (internal citations omitted)). "The mere fact that [a] facially neutral

polic[y] had a foreseeably disproportionate impact on an identifiable group does not mean that [it] violated the Equal Protection Clause." Id. at 687.

Plaintiff's allegations are sufficient to give rise to a claim for relief against defendants Ellis, Wrigley, Cornell, Uzzle, and Nelson for violation of the Equal Protection Clause with respect to plaintiff's claim based on the request initiated in November of 2005. Fed. R. Civ. P. 8(a).

D.    Plaintiff's Claims Accruing in 2006

Plaintiff filed this action on February 24, 2006, and alleged a claim for violation of RLUIPA arising from an incident which began in November of 2005. In his amended complaint, plaintiff added claims involving a request prayer oil which accrued in the spring of 2006, and a ceremonial meal request initiated in September of 2006.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion must occur *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth, 532 U.S. at 741.

In light of section 1997e(a), plaintiff may not add new claims which accrued after this suit was filed. In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." Harris v. Garner, 216 F.3d 970, 982 (11th Cir. 2000). Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." Id. at 983; see also Cox v. Mayer, 332 F.3d 422, 428 (6th Cir. 2003) (citing Harris for this proposition with favor). Allowing

plaintiff to pursue the claims he added in his amended complaint would allow plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit. McKinney, 311 F.3d at 1199-1201.

All claims at issue in this action must have been exhausted by February 24, 2006, when plaintiff filed suit. Given that the events surrounding the request for prayer oil and 2006 ceremonial meal request had not accrued by the date this suit was filed, plaintiff may not pursue them in this action. Plaintiff is free to file a separate suit, should he choose to do so.

E.  Conclusion

Under federal notice pleading standards, plaintiff's allegations are sufficient to state claims against defendants Ellis, Wrigley, Cornell, Uzzle, and Nelson for violation of RLUIPA, the Free Exercise Clause of the First Amendment, and the Equal Protection Clause of the Fifth Amendment, arising from plaintiff's allegations concerning the November 2005 ceremonial meal request. Fed. R. Civ. P. 8(a). However, plaintiff may not, in this action, pursue his new claims arising from the prayer oil request and 2006 ceremonial meal request.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's amended complaint, filed November 8, 2006, against defendants Ellis, Wrigley, Cornell, Uzzle, and Nelson for violation of RLUIPA, the Free Exercise Clause of the First Amendment, and the Equal Protection Clause of the Fifth Amendment, arising from plaintiff's allegations concerning the November 2005 ceremonial meal request; and

2. Plaintiff's claims arising from the prayer oil request and the 2006 ceremonial meal request be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     April 3, 2007**                               /s/ Sandra M. Snyder
icido3                                              UNITED STATES MAGISTRATE JUDGE