# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN McFARLAND,<br><br>          Plaintiff,<br><br>   v.<br><br>B. ELLIS, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:06-cv-00212-OWW-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO EFFECT SERVICE OF PROCESS WITHIN ONE-HUNDRED TWENTY DAYS<br><br>(Docs. 13 and 17)<br><br>ORDER DIRECTING CLERK'S OFFICE TO ISSUE SUMMONSES AND OTHER DOCUMENTS TO PLAINTIFF |

I.  <u>Order Directing Plaintiff to Initiate Service of Process</u>

Plaintiff John McFarland ("Plaintiff") is a federal prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")), and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.  The Court screened Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A, and found that it states cognizable claims for relief against Defendants Ellis, Wrigley, Cornell, Uzzle, and Nelson for violation of RLUIPA, the Free Exercise Clause of the First Amendment, and the Equal Protection Clause of the Fifth Amendment, arising from Plaintiff's allegations concerning the November 2005 ceremonial meal request.  Fed. R. Civ. P. 8(a).[1]

///

---

[1] Plaintiff's claims arising from the prayer oil request and the 2006 ceremonial meal request were dismissed, without prejudice.  (Doc. 17.)

1

Plaintiff paid the filing fee in full for initiating this action. Because Plaintiff is not proceeding in forma pauperis, it is Plaintiff's responsibility to effect service of the summons and complaint on Defendants Ellis, Wrigley, Cornell, Uzzle, and Nelson. The Clerk of the Court will be directed to issue five summonses to Plaintiff for the purpose of service of process.[2] Fed. R. Civ. P. 4.

Plaintiff shall complete service of process in accordance with Federal Rule of Civil Procedure 4 within one-hundred twenty (120) days from the date of service of this order. Plaintiff shall serve a copy of this order on each defendant together with a copy of the summons and complaint. The following two sections contain instructions on how to serve Defendants.

### A.   Waiver of Service

Pursuant to Rule 4(d)(2), Plaintiff may (but is not required to) notify Defendants Ellis, Wrigley, Cornell, Uzzle, and Nelson of the commencement of this action and request that they waive service of the summons. Fed. R. Civ. P. 4(d)(2). If Plaintiff wishes to do this, he must mail each defendant (1) the form entitled "Notice of Lawsuit and Request for Waiver of Service for Summons," (2) the form entitled "Waiver of Service of Summons," and (3) a copy of the complaint. The documents must be addressed directly to each defendant and must be dispatched (mailed) through first-class mail. The Waiver of Service of Summons form must set forth the date on which the request is sent and must allow each defendant at least thirty (30) days in which to return the waiver to Plaintiff. If Defendants sign and return the waiver forms to Plaintiff, Plaintiff must then file the forms with the Court. After filing the forms with the Court, Plaintiff need not take any further steps to serve Defendants. Fed. R. Civ. P. 4(d)(4).

### B.   Personal Service

If either (1) Plaintiff does not wish to request Defendants to waive service or (2) one or more of the defendants fail to return the Waiver of Service of Summons form to Plaintiff, Plaintiff must have personal service effected on Defendants. Each defendant must be personally served with a summons and copy of the complaint, along with a copy of this order. Plaintiff may not effect

---

[2] Service of process cannot be effected on Doe defendants. In the event that Plaintiff ascertains the identities of Doe I and Doe II, Plaintiff shall notify the Court.

personal service himself. Fed. R. Civ. P. 4(c). <u>Service may be effected by any person who is not a party to this action and who is at least eighteen years old</u>. Id. The Court will provide Plaintiff with a copy of Rule 4 along with this order. Plaintiff should review Rule 4(e)(2), which addresses how personal service may be effected.

  C. <u>Conclusion</u>

 In accordance with the above, IT IS HEREBY ORDERED that:

  1. The Clerk of the Court is directed to issue and send Plaintiff five (5) summonses.

  2. The Clerk is further directed to send Plaintiff:

   a) One (1) copy of the complaint filed November 8, 2006;

   b) One (1) copy of the form entitled "Notice of Lawsuit and Request for Waiver of Service of Summons;"

   c) One (1) copy of the form entitled "Waiver of Service;"

   d) One (1) copy of the form entitled "Consent to Proceed Before United States Magistrate Judge" with instructions; and

   e) One (1) copy of Rule 4 of the Federal Rules of Civil Procedure

  3. Plaintiff shall complete service of process on Defendants Ellis, Wrigley, Cornell, Uzzle, and Nelson within **one-hundred twenty (120) days** from the date of service of this order. Plaintiff shall serve a copy of this order and a copy of the form "Consent to Proceed Before United States Magistrate Judge" on Defendants at the time of service of the summons and complaint.

  4. Plaintiff's failure to timely complete service of the complaint on Defendants Ellis, Wrigley, Cornell, Uzzle, and Nelson may result in dismissal of this action. Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

**Dated: July 6, 2007**        /s/ Sandra M. Snyder
                UNITED STATES MAGISTRATE JUDGE