IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN McFARLAND, | 1:06-cv-0 0212-OWW-SMS- PC |
| Plaintiff, | |
| vs. | **FINDING AND RECOMMENDATION** |
| B. ELLIS, et al., | |
| Defendants. | |
| _____/ | |

On July 6, 2007, an order was entered, issuing summons to Plaintiff and directing Plaintiff to timely complete service of process upon Defendants Ellis, Wrigley, Cornell, Uzzle, and Nelson. Plaintiff was specifically directed to complete service of process within 120 days from the date of the order. Plaintiff was specifically cautioned that his failure to timely complete service of the complaint could result in dismissal of this action pursuant to Federal Rule of Civil Procedure 4(m).

To date, Plaintiff has not returned service of process, nor has Plaintiff filed any response to the July 6, 2007, order. Therefore, the court finds it appropriate that this action be dismissed for Plaintiff's failure to timely serve pursuant to Federal Rule of Civil Procedure 4(m). Dismissal for failure to serve within 120 days of filing pursuant to Rule 4(m) is reviewed for an abuse of discretion. Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1993); Puett v. Blandford, 912 F.2d 270, 273 (9th Cir. 1990). In cases involving a plaintiff proceeding in forma pauperis, the United States Marshal, upon order of the court, is authorized to serve the summons and the complaint. See 28 U.S.C. § 1915(c); Boudette v. Barnett, 923 F.2d 754, 757 (9th

1

Cir.1991). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d at 1422 (citing Puett, 912 F.2d at 275). So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service "is automatically good cause within the meaning of Rule 4(j)." Id. (citing Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990) (internal quotations omitted). However, where a pro se plaintiff fails to provide the Marshals with accurate and sufficient information to effect service of the complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker v. Sumner, 14 F.3d at 1421-22.

Because plaintiff has failed to timely effect service of process, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 12, 2008**          /s/ Sandra M. Snyder
             ED STATES MAGISTRATE JUDGE